# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARION P. HUNTER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-025-RGA |
| BRENDAN O'NEILL, et al., | : | |
| Defendants. | : | |

Marion P. Hunter, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 25, 2014
Wilmington, Delaware

*/s/ Richard G. Andrews*
ANDREWS, U.S. District Judge:

Plaintiff Marion P. Hunter, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a).

Plaintiff has a pending criminal matter in State Court and is represented by attorneys from the Office of the Public Defender of the State of Delaware. He alleges that the Delaware Department of Justice keeps requesting extensions of time to the forty-five day indictment process, and the Public Defender's Office "stood by and did nothing." Plaintiff alleges that the Public Defender's Office has failed in its responsibility to protect his rights. He seeks injunctive relief in the form of effective assistance of counsel.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Plaintiff's claims against Defendants fail as a matter of law.  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).   Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312 (1981).

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  The Court finds that amendment is futile.

An appropriate order will be entered.